**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RENE D. EDWARDS,

    *Plaintiff*,

v.

STATE OF NEW JERSEY, et al.,

    *Defendants*.

Civil Action No. 22-2396

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    *Pro se* Plaintiff Rene D. Edwards brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff previously brought a separate action *in forma pauperis*; in that case, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Amended Complaint. *Edwards v. Hillman*, Civ. No. 21-20720 (D.N.J. Dec. 27, 2021) at D.E. 9. However, the Court ordered that Plaintiff's Amended Complaint in that action be filed as a new matter and that Plaintiff be permitted to proceed *in forma pauperis* in the newly docketed matter. *See id.* Subsequently, on April 26, 2022, the Amended Complaint was filed as a new Complaint in the present matter. D.E. 1. The Court then entered an Opinion and Order ("April 26 Opinion") dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c). D.E. 3. The Court provided Plaintiff with leave to file an amended complaint that cured the outlined deficiencies. *Id.* Plaintiff filed an Amended Complaint ("AC") on May 9, 2022. D.E. 4. The Court then entered an Opinion and Order ("August 26 Opinion") dismissing the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c) because Plaintiff failed

to cure any deficiencies set forth in the April 26 Opinion. D.E. 11[1]. New allegations against three new defendants, McCarthy, Gahn, and Roach, were also dismissed as not plausibly pled. *Id.* Plaintiff was again given 30 days to file an amended complaint that cured the identified deficiencies. *Id.* On September 27, 2022, Plaintiff filed various "motions,"[2] D.E. 13, which the Court now considers and construes as an amended pleading.[3]

### I.   STANDARD OF REVIEW

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does

---

[1] The Court incorporates the April 26 Opinion and August 26 Opinion by reference.

[2] Plaintiff also filed a "motion to appoint pro bono counsel," D.E. 12, and a motion "to accept the report of special master," D.E. 14. D.E. 14 appears to seek a settlement conference between Plaintiff and Defendants. As Plaintiff has not stated a valid claim (as explained herein), D.E. 12 and 14 are denied.

[3] Plaintiff argues that the undersigned should recuse himself from this matter. D.E. 13 at 8-9. Plaintiff, however, provides no valid basis for the request, so it is denied.

not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id*. at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## II. ANALYSIS

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id.* Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a

federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

Plaintiff's submission states that he intends to answer all of the "questions" posed in the Court's August 26 Opinion. The Court previously dismissed Plaintiff's excessive force claim under § 1983 because Plaintiff "merely alleged in a conclusory manner that Helveston battered him and did not provide any details as to the nature of the force used, whether Plaintiff was arrested, or why Helveston was at Plaintiff's apartment on the date at issue." August 26 Opinion at 3. Plaintiff again fails to provide any details regarding any alleged battery or assault. Thus, Plaintiff still fails to state an excessive force claim.

In Plaintiff's new submission, he states that "Judge stated plaintiff did not provide adequate medical treatment." D.E. 13 at 2. In the August 26 Opinion, the Court indicated that Plaintiff "allege[d] that Defendant Helveston failed to ensure that Plaintiff received appropriate medical treatment." August 26 Opinion at 4. Plaintiff, however, previously provided no allegations that he had "been placed in custody at any point during the alleged wrongful acts" as would be necessary to bring a deliberate indifference claim under Section 1983. *Id.* at 5; *Groman*, 47 F.3d at 637. Plaintiff did not cure this deficiency in the Amended Complaint, August 26 Opinion at 4, and fails to do so again. Plaintiff has not alleged that that he was in custody at any relevant time.[4] Plaintiff only states that various doctors would testify to and verify his P.T.S.D., which is insufficient to properly state a claim.

Plaintiff also states that someone broke into his mother's or grandparent's home and violated *their* rights. D.E. 13 at 3. Generally, a plaintiff may not sue to vindicate the rights of

---

[4] In fact, Plaintiff states elsewhere in his submission that he was "not 'arrested' at all." D.E. 13 at 5. Later, Plaintiff states that he "never should have been in custody." *Id.* at 6.

4

third parties. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third-parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Thus, Plaintiff may not base his claim to relief on the rights of his mother or grandparents and this claim is dismissed.

Next, Plaintiff claims that he is being monitored by the government through a GPS system and/or his phone. D.E. 13 at 4. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The government's use of GPS or cellular technology to monitor a person's movements can constitute a "search" for purposes of the Fourth Amendment. *United States v. Jones*, 565 U.S. 400, 404-05 (2012); *Carpenter v. United States*, -- U.S. --, 138 S. Ct. 2206, 2220 (2018). However, a plaintiff must provide more than conclusory statements that his rights have been violated. Plaintiff does not provide any details to make his claims non-speculative. Without more specific allegations, Plaintiff has failed to state a claim.

For the same reason, Plaintiff's claim that officers broke into his residence without a legitimate reason also fails. D.E. 13 at 4. Plaintiff states that officers banged on and broke down the door to his residence, causing damage and violating his rights. Plaintiff has again failed to provide any details as to this encounter, and thus fails to state a claim.

Plaintiff's failure to adequately allege any underlying constitutional violations also renders his *Monell* claim and civil conspiracy claim implausible. *See Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015) ("In the absence of a constitutional violation, [Defendant] cannot be held liable under § 1983 for failure to train or for acquiescing in an unconstitutional custom."); *Nabelsi v. Holmdel Twp.*, No. 20-20702, 2021 WL 5578851, at *9 (D.N.J. Nov. 30, 2021) (explaining that plaintiff's "*Monell* claim fails at the threshold because he has not established that

5

his harm was caused by a constitutional violation" (internal quotation omitted)); *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 646 (D.N.J. 2011) (granting summary judgment for civil conspiracy claim under Section 1983 in part because there was no underlying deprivation of constitutional rights).

Plaintiff has again failed to state any federal claims. To the extent Plaintiff's submission raises claims under state law, this Court lacks subject matter jurisdiction and declines to exercise supplemental jurisdiction over those state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because the Court has previously set forth in detail the shortcomings of Plaintiff's allegations and because Plaintiff has not made any effort to address those deficiencies, the Court concludes that Plaintiff is unable to do so. As a result, any future amendment would be futile.

Accordingly, and for good cause shown,

IT IS on this on this 28th day of November 2022,

**ORDERED** that Plaintiff's federal claims, D.E. 13, are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's non-federal claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c); and it is further

**ORDERED** that Plaintiff's motions at D.E. 12 and D.E. 14 are **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall close this matter; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

                                                        John Michael Vazquez, U.S.D.J.