**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE' D. EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>　　　　　Defendants | Civil Action No. 22-2396 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court on pro se Plaintiff Rene' D. Edwards's ("Plaintiff") unopposed Motion to Reopen Case. (ECF No. 18.) The Court has carefully considered Plaintiff's submission and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiff's Motion.

**I.　BACKGROUND**[1]

　　Plaintiff brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff previously brought a separate action *in forma pauperis*; in that case, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's amended complaint.[2] *Edwards v. Hillman*, No. 21-20720, 2022 WL 597515, at *1 (D.N.J. Feb. 23, 2022). The Court ordered, however, that Plaintiff's amended complaint in that action be filed as a new matter and that Plaintiff be permitted to proceed *in forma pauperis* in the newly docketed matter. *See id.* at *4.

---

[1] The Court need not recite the facts and instead adopts the facts as set forth in its November 28, 2022, Opinion ("November 28 Opinion," ECF No. 15).

[2] The matter was originally assigned to the Honorable John M. Vazquez, U.S.D.J.

Subsequently, on April 26, 2022, the amended complaint was filed as the new instant Complaint in this case. (*See generally* Compl., ECF No. 1.) The Court then entered an Opinion and Order ("April 26 Opinion") dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c). (*See generally* Apr. 26 Op., ECF No. 3.) The Court provided Plaintiff with leave to file an amended complaint that cured the outlined deficiencies. (*Id.*) Plaintiff filed an Amended Complaint ("AC") on May 9, 2022. (*See generally* AC, ECF No. 4.) On August 26, 2022, the Court then entered another Opinion and Order ("August 26 Opinion") dismissing the AC pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c) because Plaintiff failed to cure any deficiencies identified in the April 26 Opinion. (*See generally* Aug. 26 Op., ECF No. 11.) The Court also, at that time, dismissed new allegations against three new defendants as not plausibly pled and, once more, granted Plaintiff leave to file an amended complaint. (*Id.*)

On September 27, 2022, Plaintiff filed various motions (ECF Nos. 12-14), which the Court, in a new opinion ("November 28 Opinion") construed as an amended pleading. (*See generally* Nov. 28 Op., ECF No. 15.) In the November 28 Opinion, the Court dismissed Plaintiff's federal claims with prejudice and non-federal claims without prejudice for failure to state a claim and lack of jurisdiction, respectively. (*Id.* at 6-7.) The Court also denied Plaintiff's various "motions" and ordered that this matter be closed. (*Id.* at 7.) This case was then reassigned to the undersigned.

(ECF No. 17.) On January 6, 2023, Plaintiff filed a new group of "motions," including the instant Motion to Reopen Case (ECF No. 18), which the Court now considers.[3]

## II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a final judgment and request a reopening of his case "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).[4] Specifically, Rule 60(b) lists the following reasons a court may relieve a party from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Courts will only grant relief under Rule 60(b)(6) "in cases evidencing extraordinary circumstances." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) ("Relief is appropriate under this catch-all provision only in 'extraordinary

---

[3] Plaintiff labeled the Motion to Reopen Case as, among other things, a "motion" to "re-assign new judge," "re-schedule court hearing," "re-confirm" a surgery, "re-amend" the AC, and review "serious federal violation[s]." (*See generally* Pl.'s Mot. to Reopen Case, ECF No. 18.) Plaintiff also filed a Motion to Accept the Report of Special Master for a Settlement Conference. (ECF No. 20.) On January 23, 2023, Plaintiff submitted another Proposed Amended Complaint. (ECF No. 19.) On January 26, 2023, Plaintiff submitted medical records. (ECF No. 22.) In several subsequent text orders, the Court administratively terminated these other "motions," alerting Plaintiff that the Court would not consider them, and any other related correspondence, until the Court decided the instant Motion to Reopen Case. (ECF Nos. 21, 23.)

[4] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

circumstances where, without such relief, an extreme and unexpected hardship would occur.'" (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993))).

A plaintiff proceeding pro se is held to a less stringent standard than an individual represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). A pro se plaintiff, however, is "still required to adhere to the rules of civil procedure." *Roy v. U.S. Gov't at White House*, No. 15-3538, 2017 WL 480411, at *2 (E.D. Pa. Feb. 6, 2017) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### III.  DISCUSSION

From what the Court can glean, Plaintiff does not focus his Motion to Reopen Case on any argument that tracks the language of Rule 60(b). Instead, Plaintiff's only argument for why this case should be reopened is that Plaintiff "has been violated" at home, despite not breaking the law, and, thus, does not feel "safe." (Pl.'s Mot. to Reopen Case at *2.)[5] Further, Plaintiff asserts that he does not "respect the law for not providing him with a proper hearing of [his] complaint or violations" incurred in this matter. (*Id.* at 23-25.) Based on Plaintiff's previous submissions to the Court, the Court infers that Plaintiff is referring to the alleged assault and battery underlying his excessive force claim. (*See, e.g.*, Aug. 26 Op. (analyzing Plaintiff's Section 1983 excessive force claim).)

Previously, in the November 28 Opinion, the Court examined and dismissed Plaintiff's same excessive force claim for failure "to provide any details regarding any alleged battery or assault," despite the Court's instructions to do so in both the prior April 26 Opinion and the August 28 Opinion. (Nov. 28 Op. 4; *see* Aug. 26 Op. 3 ("As set forth in the April 26 Opinion, the Court previously dismissed Plaintiff's Section 1983 excessive force claim."); April 26 Op. 4 ("Plaintiff

---

[5] Page numbers preceded by an asterisk refer to page numbers atop the ECF header.

fails to sufficiently state a Section 1983 excessive force claim.").) In Plaintiff's fourth bite at the apple, Plaintiff does not present any additional facts or arguments regarding this claim. Instead, Plaintiff simply realleges the same facts phrased in a different manner. Because Plaintiff's various statements referring to an unlawful break-in are the same statements that the Court previously found insufficient to state a claim, the Court finds that Plaintiff has presented insufficient justification to reopen the matter.

Additionally, in Plaintiff's Motion to Reopen Case, Plaintiff includes various photographs marked "EVIDENCE," which consists of various mail orders, medical records, and a picture of a doorknob that appears tampered with. (Pl.'s Mot. to Reopen Case *7-11.) In light of Plaintiff's pro se status, the Court construes this "evidence" as a submission of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," as per the requirements of Rule 60(b)(2). After considering this "evidence," the Court does not find that any of it sufficiently substantiates Plaintiff's claims. While the photograph of the smashed-in doorknob may be relevant to Plaintiff's excessive force claim, it does not provide any further details on the events that actually unfolded at Plaintiff's home, assuming that this doorknob led to Plaintiff's apartment. In any event, the Court fails to see why this photograph could not have been previously discovered with reasonable diligence in accordance with Rule 60(b)(2).

The Court has previously set forth in detail, on numerous occasions, the shortcomings of Plaintiff's allegations. After carefully reviewing Plaintiff's Motion to Reopen Case, the Court finds that Plaintiff has not made any effort to address those deficiencies, let alone meet the dictates of Rule 60(b). Thus, the Court declines to reopen the matter.

For these reasons, and other good cause shown,

**IT IS THEREFORE,** on this 9th day of June 2023, **ORDERED** as follows:

1. Plaintiff's Motion to Reopen Case (ECF No. 18) is **DENIED.**

                                       **MICHAEL A. SHIPP**
                                       **UNITED STATES DISTRICT JUDGE**